# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

---

| | |
|---|---|
| THOMAS GOLLADAY, | : |
| Plaintiff, | : |
| against | : |
| RYMAN CONSTRUCTION, INC. and KEVIN RYMAN, | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

---

## COMPLAINT

Comes now THOMAS GOLLADAY ("Golladay"), by and through his undersigned attorney, and alleges as follows:

## PRELIMINARY STATEMENT

1. RYMAN CONSTRUCTION, INC. ("RCI") is a company that provides roofing and construction services in the State of Florida.

2. KEVIN RYMAN ("Ryman") operates and is the President of RCI

3. RCI's headquarters are in Zephyrhills, Florida.

4. RCI employed Golladay as a sales representative from approximately February of 2019 through August of 2019.

5. Pursuant to the Sales and Compensation Agreement attached hereto as Exhibit A, RCI agreed to pay Golladay a salary of $1,153.85 per week.

6. Golladay was not paid at all for at least two workweeks while employed by RCI, in breach of his contract and violation of minimum wage laws.

7. Golladay was also not paid overtime wages for hours worked over 40 in any workweek.

8. Golladay was also entitled to commission on sales over $90,000 each month, but no such commissions were paid.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This court has supplemental jurisdiction over plaintiff's related claims arising under state laws pursuant to 28 U.S.C. § 1367(a).

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

11. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

12. Golladay resides in Zephyrhills, Florida.

13. Golladay worked for Defendants as a Sales Representative from approximately February of 2019 through approximately August of 2019

14. Golladay typically worked approximately 45 hours per week or more for Defendants' benefit.

15. Golladay was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours he worked over 40 in a workweek.

16. During the first and last workweeks that Plaintiff worked for Defendants he was not paid any wages at all.

17. Plaintiff estimates that he worked more than 40 hours during most or all of the workweeks he was employed by Defendants.

18. Golladay worked these hours pursuant to RCI's policy or practice of requiring him to work a full-time schedule, including overtime.

19. Golladay is a covered employee within the meaning of the FLSA.

**Defendants**

20. Upon information and belief, Defendant Ryman is an individual who resides in Zephyrhills, Florida.

21. Ryman is an employer as defined by the FLSA.

22. Defendant RCI is a Florida corporation with corporate headquarters located in Zephyrhills, Florida.

23. RCI is a covered employer as defined by the FLSA.

24. RCI employed Plaintiff within the meaning of the FLSA.

25. RCI had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

26. RCI controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining their compensation.

27. On information and belief, RCI's annual gross volume of sales made or business done is not less than $500,000.

28. All of the work that Plaintiff performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff has performed.

29. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to:

    (a)    Willfully misclassifying Plaintiff as exempt;

    (b)    Willfully failing to pay Plaintiff the minimum wage for all hours worked;

    (c)    Willfully failing to pay Plaintiff overtime for hours worked in excess of 40 hours per workweek; and

    (d)    Willfully failing to record all of the time that Plaintiff worked for the benefit of Defendants.

30. Defendants are aware or should have been aware that federal and state law required them to pay Plaintiff the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

31. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.

## COUNT ONE
### Fair Labor Standards Act – Unpaid Minimum Wages

32. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA.

34. Defendants have engaged in a policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

35. At all times relevant, Plaintiff was engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

36. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

37. At all times relevant, RCI has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

38. Defendants were required to pay Plaintiff the applicable minimum wage for all work performed from to the present.

39. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

40. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

**COUNT TWO**
**Fair Labor Standards Act – Unpaid Overtime**

41. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

42. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

43. Defendants have failed to pay Plaintiff for hours that he worked in excess of 40 hours in a workweek.

44. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of

such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT THREE
### Breach of Contract

45. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

46. Plaintiff and Defendant RCI are parties to a legally binding and enforceable contract.

47. Defendant RCI has materially breached that contract by failing to pay Plaintiff all amounts due thereunder.

48. As a result of RCI's material breach, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

(a) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(c) An injunction requiring Defendants to pay all statutory required wages and liquidated damages pursuant to the FLSA;

(d) Damages for breach of contract including but not limited to unpaid wages and unpaid commissions;

  (e)  Pre- and post-judgment interest;

  (f)  Attorneys' fees and costs of this action pursuant to the FLSA and Fla. Stat. 448.08;

  (g)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted by,

/s/*Amanda Ellen B. Clay, Esq.*
Amanda Ellen B. Clay, Esq.
Florida Bar No.: 28808
Three Thirteen Law, PLLC
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
ph. (813) 530-9849
mandi@threethirteenlaw.com
docket313@gmail.com